[Cite as *Justice v. Ohio Dept. of Transp.*, 2010-Ohio-3156.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD L. JUSTICE

   Plaintiff

   v.

OHIO DEPT. OF TRANSPORTATION

   Defendant

   Case No. 2009-09124-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Richard L. Justice, filed this action against defendant, Department of Transportation (ODOT), contending his 1995 Chevrolet Tahoe was damaged as a proximate cause of negligence on the part of ODOT in maintaining a raised pavement marker (RPM or reflector) on Interstate 270 in Franklin County. Plaintiff recalled the damage incident occurred on November 13, 2009 at approximately 3:30 p.m. and he located the damage-causing RPM on Interstate 270 South near "the divide where traffic goes south by-passing Main St. and I-70 on the eastside of Columbus." According to plaintiff, "[a]s I changed lanes my tires (left side) dislodged a highway reflector and its metal frame" causing the dislodged RPM to puncture the left rear tire of the 1995 Chevrolet Tahoe as well as puncturing the left rear quarter panel, side molding, and rear bumper of the vehicle. Plaintiff implied the damage-causing RPM was defective and negligently maintained. Plaintiff requested damage recovery in the amount of $1,326.05, the cost of a replacement tire and automotive repair expenses. The $25.00 filing fee was paid and plaintiff requested recovery of that cost along with his damage claim.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose or defective RPM on the roadway prior to plaintiff's November 13, 2009 property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose reflector on the roadway, which ODOT located "between mileposts 42.82 and 41.32 on I-270 in Franklin County." Defendant asserted plaintiff did not produce any evidence to establish the length of time that the loose RPM was on the roadway prior to 3:30 p.m. on November 13, 2009. Defendant suggested the particular RPM "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer any evidence to prove his property damage was proximately caused by any conduct attributable to ODOT personnel. Defendant explained ODOT conducted various maintenance operations on this particular section of Interstate 270 during the six-month period preceding November 13, 2009. Defendant's records (copies submitted) also show ODOT "had conducted one hundred seventy-four (174) maintenance operations in the area during the six-month period prior to the day of plaintiff's incident." Defendant's records show ODOT operated "Road Cruisers" on Interstate 270 on November 13, 2009 and this activity covered the area where plaintiff ran over the dislodged RPM. Apparently ODOT personnel did not discover any problems with any RPM on Interstate 270 on November 13, 2009 when "Road Cruisers" were in operation. Defendant stated "if there was a noticeable defect with a raised or loosened pavement marker, it would have immediately been repaired." Defendant argued it did not believe ODOT breached any duty of care owed to the motoring public in regard to roadway maintenance.

{¶ 4} Plaintiff filed a response insisting his property damage was proximately caused by defendant's negligence in maintaining a defective RPM on Interstate 270. Plaintiff submitted several photographs depicting the damage-causing reflector which he referenced as a "Stimonsite 96 snow plowable raised pavement markers Serial Number 2199 N 146." After reviewing the photographs, the trier of fact finds the RPM depicted appears to be almost totally intact except for the absence of a piece of reflective plastic and in good condition with all metal structure present. Plaintiff argued that if ODOT had properly maintained the particular RPM it "should not fail in a roadways 15 year life span." Therefore, plaintiff suggested the damage-causing RPM "was not installed

correctly during repairs or resurfacing of the roadway." Plaintiff observed any RPM is "susceptible to becoming dislodged during road surface snow removal during the winter months." According to defendant's submitted maintenance records, ODOT personnel did not conduct any snow removal operations on Interstate 270 during the six-month period preceding November 13, 2009. Furthermore, the ODOT records show no "Surface Paving" was conducted between mileposts 42.82 and 41.32 during the six-month period referenced. Plaintiff contended he does not bear the burden "to product evidence to indicate how long the (RPM) was loose prior to the incident." Plaintiff also contended his property damage was proximately caused by negligence on the part of ODOT in failing to properly install and inspect the damage-causing RPM.

**{¶ 5}** In support of his contention that the reflector his vehicle struck failed as a result of negligent maintenance, plaintiff filed a copy of a research report (dated April 2009) conducted by the University of Kentucky College of Engineering for the Commonwealth of Kentucky Transportation Cabinet. The subject matter of this research report [1] is the "Evaluation Of The Use Of Snow Plowable Raised Pavement Markers." The objective of the research study was "to evaluate the effectiveness and durability of snowplowable raised pavement markers (RPM) installed on the RPM system in Kentucky" (page 1 Executive Summary). Plaintiff pointed out the study concluded any installed RPM should have a "15 year life span." The specific language used in the research study under "Conclusions" on page 10 line 5 in regard to 15 years was the following: "Using the installation cost along with the cost of lense replacement on a three-year cycle results in a total cost of about $30 per marker over a 15 year pavement life." Plaintiff maintained the research report constitutes sufficient evidence to prove the RPM on Interstate 270 that damaged his truck was negligently installed. Conversely, the trier of fact finds the research study provides no weight in regard to proof on the issue that the damage-causing RPM on Interstate 270 was negligently installed or inspected.

**{¶ 6}** Additionally, plaintiff submitted a copy of a "MoDOT (Missouri Department

---

[1] The research report contained the following disclaimer:

"The contents of this report reflect the views of the authors who are responsible for the facts and accuracy of the data presented herein. The contents do not necessarily reflect the official views or policies of the University of Kentucky or the Kentucky Transportation Cabinet. This report does not constitute a standard, specification, or regulation."

of Transportation) Research Office RAC E-Mail Request" requesting information from other states about roadway RPM becoming dislodged during the course of snow plowing activities. Plaintiff stated road reflectors "are susceptible to becoming dislodged during snow removal during the winter months." Plaintiff did not offer evidence to prove the reflector his vehicle struck had been dislodged by an ODOT snow plow at sometime prior to 3:30 p.m. on November 13, 2009.

{¶ 7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 8} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 9} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to

reasonably correct. *Bussard v. Ohio Department of Transportation* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular loosened reflector prior to 3:30 p.m. on November 13, 2009.

{¶ 10} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including loosened reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the reflector condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the loosened reflector condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 12} Plaintiff has not produced any evidence to indicate the length of time that the loosened road reflector was present on the roadway prior to the incident forming the

basis of this claim. Plaintiff has not shown that defendant had actual notice of any problem with the RPM. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the loosened reflector appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of a defective RPM.

{¶ 13} Additionally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were frequently performing work activities on the particular section of Interstate 270 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his vehicle. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD L. JUSTICE

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2009-09124-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Richard L. Justice
2033 Burwell Drive
Columbus, Ohio 43209

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
2/23
Filed 3/12/10
Sent to S.C. reporter 7/1/10